**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID GEVAS,<br><br>Plaintiff,<br><br>v.<br><br>JOE SHEEHY, MARLENE HENZE, CHRISTIAN OKEZIE, DONALD MILLS, and WEXFORD HEALTH SOURCES, INC.,<br><br>Defendant(s). | Case No. 20-cv-3667<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Gevas, an Illinois prisoner, initiated this civil rights action under 42 U.S.C. § 1983 alleging that Wexford Health Sources, Inc. ("Wexford") and Medical Directors Dr. Henze and Dr. Okezie (collectively, "Wexford Defendants") violated his Eighth Amendment rights because they were deliberately indifferent to his medical needs while he was incarcerated at Stateville Correctional Center, and that Dr. Okezie and Wexford retaliated against him for filing grievances in violation of the First Amendment. This Court previously granted the Wexford Defendants' motion for summary judgment because the evidence did not support a conclusion that Wexford was aware of and intentionally disregarded an excessive risk to Plaintiff's health or retaliated against him. [470]; *Gevas v. Sheehy*, 2025 WL 660819, at *10 (N.D. Ill. Feb. 28, 2025) ("Summary Judgment Opinion"). Gevas has filed a motion to

reconsider this Court's summary judgment opinion pursuant to Rules 54(b) and 60(b)(2). [497] ("Mot."). For reasons stated herein, Gevas's reconsideration motion [497] is denied.

## BACKGROUND

The Court assumes familiarity with, and incorporates by reference, its Memorandum Opinion and Order denying Plaintiff's motion for summary judgment. *Gevas*, 2025 WL 660819. It is necessary to recount the relevant procedural history to the extent it is relevant to the instant motion:

Plaintiff filed his complaint six years ago. *See* [1].[1] Plaintiff initially proceeded *pro se* and twice moved the Court to appoint counsel—once in November 2022 and again in November 2023. [255]; [378]. Plaintiff's first motion sought appointed counsel due to the complexity of the case and his need to retain an expert to parse his medical record, [255]; Plaintiff's second motion noted the former justification, plus his poor eyesight and separation from his documents and inability to conduct legal research while he was placed in segregation. [378]. The second motion did not note any difficulties obtaining an expert. *See id.* The Court denied both requests without prejudice pursuant to the two-part standard outlined in *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), and noted Plaintiff's "extensive litigation history," "aptitude to represent himself in this matter[,] . . . [and] ability to competently litigate

[1] The operative complaint contains seven counts against employees of the Illinois Department of Corrections ("IDOC") and the Wexford Defendants. [32].

his cases and obtain favorable outcomes." [271]; *see also* [379] ("Plaintiff is an extremely experienced litigant in this Court, and his filings and litigation of this case demonstrate his ability to conduct discovery an address various litigation issues."). Plaintiff proceeded to litigate the case *pro se*, including taking written and oral discovery from Defendants, successfully moving to compel discovery responses, and seeking sanctions.

Following the close of discovery, the IDOC and Wexford Defendants separately moved for summary judgment in May and July 2024, respectively. [402]; [421]. As required, Plaintiff filed Local Rule 56.1(b)(2) and (b)(3) statements in response to these motions, [436]; [438]; [451], and the Court granted Plaintiff leave to include more than the forty facts permitted under Rule 56.1(b)(3) and (d)(5). [456]; [457]. In December 2024 the Court denied the IDOC Defendants' motion for summary judgment, ruling that Plaintiff had proffered sufficient evidence and legal argument to support a conclusion that his claims were not time-barred. [463]. The Court granted the Wexford Defendants' motion on Plaintiff's deliberate indifference and retaliation claims on February 28, 2025. *See Gevas*, 2025 WL 660819, at *10. The Court ruled Plaintiff had not established as a matter of law that: (1) delays in his receipt of prescription medications on sixty-two occasions between May 2017 and March 2019 were dangerous to Plaintiff's health or caused other more serious health problems; (2) doctors knew about Plaintiff's requests for various medical supplies; (3) the denial of specific medical devices (*e.g.*, an air mattress) could cause the injuries alleged or were not justified by security concerns; or (4) Dr. Okezie pretextually

changed Plaintiff's prescription or that the change was not medically justified. *Id.* at *4, *6–9.

Counsel for Plaintiff appeared following the Court's disposition of Defendants' summary judgment motions and moved to reopen expert discovery. *See* [472]; [487]. The Court granted Plaintiff's motion, [488], and set a trial date as to the remaining Defendants beginning on March 16, 2026.[2] [495]. Plaintiff ultimately disclosed two experts, and they were deposed in November 2025. [491]; [493]. Armed with these experts' reports and testimony, in January 2026 Plaintiff moved for reconsideration of the Court's award of summary judgment to the Wexford Defendants in January 2025. Mot. The Wexford Defendants oppose. [503] ("Op.").

**STANDARD**

It is well-established that motions for reconsideration "serve a limited function." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation and quotation omitted). The standards for reconsideration are exacting, and the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The moving party thus "bears a heavy burden." *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 912 (N.D. Ill. 2015).

While the Federal Rules of Civil Procedure do not expressly recognize a "motion to reconsider," there are several avenues through which a party may request the court

---

[2] The Court struck the March 2026 trial date in light of the instant motion to reconsider. [500].

to revisit a prior ruling. *Allen v. Sterling Cap. Partners, L.P.*, 2021 WL 12179486, at *1 (N.D. Ill. Sept. 15, 2021). Under Rule 54(b), any interlocutory order adjudicating "fewer than all the claims" in a case "may be revised at any time before the entry of judgment" in order to correct manifest errors of law or fact or to present newly discovered evidence. Fed. R. Civ. P. 54(b); *Patrick*, 103 F. Supp. 3d at 911–12. A manifest error is not demonstrated by the disappointment of the losing party. It is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Hossfeld v. Allstate Ins. Co.*, 2024 WL 325337, at *3 (N.D. Ill. Jan. 29, 2024) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (internal marks omitted). In addition, a Court may grant a motion under Rule 54(b) based on newly discovered evidence, which is evidence that was unknown to the moving party during the pendency of the initial motion and could not have been discovered and produced with reasonable diligence. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269–70 (the moving party may not use a motion to reconsider to "rehash[] previously rejected arguments or argu[e] matters that could have been heard during the pendency of the previous motion.").

Following the entry of judgment, a party may move to alter or amend a judgment within twenty-eight days, Fed. R. Civ. P. 59(e), or for relief from a judgment or order within a reasonable time but no more than a year after the entry of the order

at issue.[3] Fed. R. Civ. P. 60(b)(1)–(3), (c)(1). Similar to motions under Rule 54(b), to prevail under Rule 59(e), a movant must demonstrate a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). In contrast, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). To obtain relief from an order due to newly discovered evidence under Rule 60(b)(2), the moving party must show that: (1) the evidence was discovered following the order; (2) the moving party exercised due diligence to discover the evidence; and the evidence (3) is not cumulative; (4) is material; and (5) would probably produce a new result. *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 732 (7th Cir. 1999) (citation omitted). "If any of these prerequisites is not satisfied, the movant's Rule 60(b)(2) motion . . . must fail." *Id.* Fraud or misrepresentations before the Court may also trigger reconsideration under Rule 60(b)(3). Claims for relief from an order due to fraud and misrepresentation under that rule "fall even more typically," *Fields v. City of Chi.*, 981 F.3d 534, 557 (7th Cir. 2020), because the moving party "must prove fraud by clear and convincing evidence." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citing *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498–99 (7th Cir. 2008)).

[3] The time to file a motion pursuant to Rule 59(e) or 60(b) cannot be extended. Fed. R. Civ. P. 6(b)(2).

## ANALYSIS

As an initial matter, the parties devote a substantial portion of their papers to determining the standard applicable to Plaintiff's motion. They appear to agree that Rule 59(e) does not govern given that Plaintiff's motion was filed more than twenty-eight days following the Court's summary judgment order, but appear to apply both Rules 54(b) and the multi-prong analysis under Rule 60(b)(2) at various points. Mot. at 3–4; Op. at 5; [507] ("Reply") at 2. Rule 54(b) is an expression of the court's inherent power to revise an interlocutory order before the entry of judgment, whereas Rule 60(b) applies only following the final entry of judgment. *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012); *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319 (2025). No final judgment has been entered as the Court's summary judgment ruling regarding the Wexford Defendants did not dispose of the entire case, and the Wexford Defendants have not moved for an entry of judgment under Rule 54(b). Therefore, the Court is dubious that the standards under Rule 60(b) are applicable. *Perry v. Littlejohn*, 2021 WL 22413, at *1 (S.D. Ind. Jan. 4, 2021) ("Rules 59(e) and 60(b) apply to post-judgment motions and therefore do not apply here, where final judgment has not yet issued.").

Courts in this circuit are divided as to whether the standards applicable under Rule 54, 59, and 60 differ in practice. Some observe that "the distinction between the [] rules and their respective frameworks is significant" because relief under Rule 54 is available based on manifest errors of law or fact or to present newly discovered evidence as justice requires, whereas motions under Rule 59 or 60 should only be

granted "in rare circumstances." *Chi. Reg'l Council v. Carlson*, 2026 WL 1295864, at *2 (N.D. Ill. Mar. 30, 2026); *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013); *see also In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022); *Hawkins v. City of Harvey*, 2025 WL 2483180, at *7 (N.D. Ill. Aug. 28, 2025) (the standard for evaluating a Rule 54(b) motion "would appear to be less exacting than that imposed by Rules 59 and 60"). Further, newly discovered evidence triggers the multi-prong analysis under Rule 60(b)(2) while allegations of fraud trigger the exacting clear and convincing evidence standard under Rule 60(b)(3).

Other courts have observed that Rule 54(b) motions are largely subject to the same considerations as motions under Rules 59(e) and 60(b) and apply the same analysis regardless of the governing rule. *Hawkins*, 2025 WL 2483180, at *4, 7; *Woods v. Resnick*, 725 F. Supp. 2d 809, 927 (W.D. Wis. 2010) ("[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend the judgment under Rule 59(e)."); *Starr Indem. & Liab. Co. v. YRC, Inc.*, 2018 WL 905523, at *2 (N.D. Ill. Feb. 15, 2018) (same); *Morningware, Inc. v. Hearthware Home Prods., Inc.*, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) (the standard for revisiting a prior decision is generally the same under both Rule 54(b) and 59(e)); *Content & Commerce, Inc. v. Chandler*, 2022 WL 10078380, at *2 n.1 (S.D. Ind. Oct. 17, 2022) ("Although there are procedural differences between [Rules 59(e), 60(b), and 54(b)], the standards for obtaining relief under these rules are not so different as to affect the result in this case.") (citation omitted); *see also Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011)

("[C]onsiderations similar to those under Rules 59 and 60 inform the Court's analysis" in analyzing a Rule 54(b) motion.); *Brightview Grp., LP v. Teeters*, 2020 WL 4003168, at *2 (D. Md. July 15, 2020) ("Generally, whether a motion is filed under Rule 52(b), 54(b), 59(e), or 60(b), the moving party must demonstrate a clear legal error in the Court's prior ruling, provide newly discovered evidence that warrants reconsideration, or cite some intervening change in controlling law.").

Rule 54(b) is the proper vehicle for the relief Plaintiff seeks, yet the parties operate within the framework outlined under Rule 60(b), at least when discussing Plaintiff's claims of new evidence. *Content & Commerce, Inc.*, 2022 WL 10078380, at *2. However, as in the aforementioned cases, the standard for obtaining relief under Rules 54(b) and 60(b) are not so different as to affect the result in this case. Accordingly, the Court will assess Plaintiff's arguments under Rule 54(b).

**I. "Newly Discovered" Evidence.**

Plaintiff, through counsel, retained two experts following the Court's summary judgment order. Citing Rule 60(b)(2), Plaintiff avers that this evidence is "newly discovered" and merits reconsideration because: (1) the evidence was obtained after the Court's summary judgment order; (2) Plaintiff was *pro se* at the time of the order and diligently tried to secure expert testimony; (3) no expert evidence was presented at summary judgment; and (4) the expert evidence Plaintiff now proffers would have produced a different result. Specifically, Plaintiff argues that the reports and testimony of these experts would have foreclosed the Court's award of summary judgment on Plaintiff's *Monell* claims because they testified that the Wexford

Defendants' failure to provide him with prescribed medications caused serious harm. Mot. at 4–5. Defendants argue the expert evidence cannot support Plaintiff's motion for reconsideration because it is newly developed, not newly discovered, and is based in fact evidence that was available to Plaintiff before summary judgment. Op. at 5–6.

The crux of Plaintiff's argument is that expert evidence was unavailable to him at summary judgment because the Court denied his requests for appointed counsel and he was unable to secure expert witnesses on his own. Mot. at 7–8. Plaintiff implicitly asks the Court to reconsider both of its prior rulings denying his requests for counsel and import that result to the Rule 54(b) analysis. Plaintiff most recently requested appointed counsel in November 2023, eight months before the Wexford Defendants moved for summary judgment. Plaintiff did not note his difficulties retaining experts in support of that motion; he only cited his failing eyesight, the anticipated complexity of summary judgment as a whole, difficulties due to his administrative segregation, and failure to secure *counsel* (not experts) on his own. [378]. The Court will not revisit an earlier ruling based on arguments that could and should have been presented prior to the summary judgment ruling. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 249 (7th Cir. 1987). The Court denied Plaintiff's motions for counsel without prejudice, and Plaintiff had all the information he needed to seek reconsideration of the Court's orders (or submit a new request) when it became clear to him that experts were needed at summary judgment, and that would

have been the appropriate time to do so.[4] The Court applied the controlling precedent based on the facts before it. Hardly a manifest error.

That Plaintiff's argument is centered on the Court's denial of his requests for counsel (as opposed to the summary judgment opinion) is highlighted by his reliance on *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005) and *Owens v. Wexford*, 2024 WL 5363944 (7th Cir. Dec. 30, 2024), for the proposition that the denial of counsel for a *pro se* prisoner is an abuse of discretion where the case likely requires expert testimony. Mot. at 7–8; Reply at 11–13. Were the Court to revisit these rulings, *Greeno* and *Owens* would not change the result. The court in *Greeno* found an abuse of discretion where the district court applied the improper standard in assessing requests for counsel, not because *pro se* plaintiffs in medical malpractice cases are entitled to counsel as a matter of law.[5] 414 F.3d at 658. Further, the *Greeno* court

---

[4] The Court is skeptical that Plaintiff's motion is timely under Rule 60(c). Plaintiff states that his motion is timely under Rule 60 because it was brought within a year of the Court's summary judgment opinion, and within a reasonable time after obtaining the relevant evidence via his new counsel. Reply at 2–3. Parties seeking reconsideration of a prior order under Rule 60 must do so within a reasonable time, no later than one year following the entry of the order at issue. Fed. R. Civ. P. 60(c). Plaintiff filed his motion for reconsideration within eleven months of the Court's summary judgment opinion, but two years after the Court's last denial of his request for counsel—arguably the true focus of Plaintiff's motion. Furthermore, the standard is not whether Plaintiff's motion was brought within a reasonable time of obtaining new evidence, but whether it was within a reasonable time of the Court's denial of his requests for counsel, or, at the latest, his realization that he needed an expert to prevail at summary judgment in the summer of 2024. As a result, Plaintiff's motion was likely not brought "within a reasonable time." However, as the Wexford Defendants concede that Plaintiff's motion is timely under Rules 54 and 60, and the Court assesses Plaintiff's motion under Rule 54(b), the Court will not dispose of Plaintiff's motion on this ground.

[5] The Court also notes that an expert is not necessarily required to establish causation or deliberate indifference. *Williams v. Liefer*, 491 F.3d 710, 715–16 (7th Cir. 2007) (holding that a jury could find defendants' delay caused plaintiff's injury based on plaintiff's medical records, not expert testimony); *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997) (expert testimony is not necessarily required to establish deliberate indifference). The Wexford Defendants did not disclose an expert in this case.

observed that the plaintiff had not demonstrated an ability to try the case on his own, as demonstrated by his problems serving seven of the defendants. *Id.* In contrast, the Court applied the requisite standard when denying Plaintiff's motions for counsel, after observing that Plaintiff has demonstrated time and again that he is more than capable of proceeding *pro se*, including building a factual record and prevailing at summary judgment. *See* [463]. Plaintiff's analogy to *Owens* fails for similar reasons. There, the plaintiff moved for counsel right before summary judgment was briefed, and his motion raised his need for an expert specifically at the summary judgment stage. 2024 WL 5363944, at *4. In contrast, Plaintiff only raised his need for an expert at the very beginning of discovery in 2022, two full years before Defendants moved for summary judgment, and did not raise his need for an expert at all in his second motion for counsel. *See* [255]; [378]. Plaintiff should have alerted the Court to any changes in circumstances in the interceding years, not least in his most recent motion.

Regarding Plaintiff's request to revisit the summary judgment decision using his newly discovered expert evidence, the Court is not convinced that Plaintiff exercised reasonable diligence to obtain expert evidence before summary judgment, as required under Rule 54(b). *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269–70. Plaintiff built an extensive record of his attempts to secure an attorney. *See* [255] at 10–13; [378] at 4–12; Mot. at 7–8. But the issue is not Plaintiff's due diligence in attempting to secure counsel, it is Plaintiff's attempts to secure an expert for use at summary judgment. According to the record, Plaintiff only reached out to one expert,

who denied his request because he was not represented by counsel. [255] at 9. Plaintiff has made no showing that outreach to other experts without representation would have been futile. Having made only one attempt to secure an expert, Plaintiff has not shown that he exercised the requisite due diligence to obtain this evidence for use at summary judgment. As a result, this evidence was not functionally unavailable to him under Rule 54(b).

Plaintiff would render summary judgment orders in cases with *pro se* plaintiffs advisory orders for later-appointed counsel to redo. This cannot be so.[6] It is not a unique situation for *pro se* plaintiffs to obtain counsel after prevailing at summary judgment, and that counsel may request to pursue additional discovery regarding the remaining claims. For the reasons already stated, to revisit the Court's summary judgment opinion would be inappropriate.[7]

**II. The Wexford Defendants' Misrepresentations.**

Plaintiff next argues that the Court made a manifest error when it found that Wexford could not be liable for its physicians' failure to renew Plaintiff's prescription medications. Mot. at 12–13. Plaintiff attributes this error to: (1) the Wexford Defendants' fraudulent misrepresentation that disputed facts regarding medication

[6] Plaintiff provides one example of a court reconsidering an award of summary judgment based on evidence developed after the appointment of counsel. Reply at 4–5 (citing *Lane v. Phillips*, 2011 WL 4356222, at *14–15 (C.D. Ill. Sept. 19, 2011)). That case is not precedential, and as the lone example of the relief Plaintiff proposes, it does not affect the outcome here. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (Rule 54(b) determinations are "left to the sound judicial discretion of the district court").

[7] Given this result, the Court need not assess whether Plaintiff's newly developed evidence would have changed the result at summary judgment.

administration were undisputed when they were in fact disputed; and (2) because evidence shows that Wexford's nurses should have contacted the doctors when renewals were needed but failed to do so. *Id.*

The Court first addresses Plaintiff's allegations that the Wexford Defendants misrepresented disputed facts as undisputed at summary judgment. Plaintiff alleges that in their summary judgment motion, the Wexford Defendants falsely stated that undisputed facts prove Wexford was not responsible for ensuring that medications were ordered, stocked, delivered, and renewed for Plaintiff, despite evidence to the contrary. *Id.* at 13–19. Plaintiff points to testimony from several depositions occurring in 2022 and 2023 which undercut Wexford's narrative. *Id.* Plaintiff does not argue this testimony was unavailable to him at summary judgment, nor could he, given that he conducted them himself well before summary judgment was briefed. *See* [497-5] (deposition conducted by Plaintiff in November 2022); [497-7] (deposition conducted by Plaintiff in June 2023). This evidence was available to Plaintiff at summary judgment, and nothing prevented him from using it in his response to Defendants' Local Rule 56.1 statement, or filing his own statement of additional facts under Local Rule 56.1(b)(3).[8] In Plaintiff's view, it was manifest error that the Court failed to "sift

[8] Plaintiff references the Wexford Contract, which was not presented to the Court at summary judgment because Wexford refused to produce it. Mot. at 16. Plaintiff does not argue that the contract would have altered the result at summary judgment, and notes that it is consistent with testimony available at summary judgment. *Id.* Plaintiff notes that the contract was previously held as sufficient evidence to survive summary judgment regarding medication refills in *Gevas v. Wexford Health Source, Inc.*, 2016 WL 1213667, at *7 n.9 (N.D. Ill. Mar. 29, 2016). This case involved the same parties and contract, and undercuts any argument that this publicly available document was unavailable to him at summary judgment.

through the record" to determine which facts are controverted and which are admitted. *FirstMerit Bank, N.A. v. 220 N. Ashland, LLC*, 2014 WL 6065817, at *4 (N.D. Ill. Nov. 13, 2014). While the Court diligently reviewed the parties' summary judgment filings at the time, "in considering a motion for summary judgment, the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003)). The Court will not revisit "matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270; *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) ("Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion."), *aff'd*, 736 F.2d 388 (7th Cir. 1984). The Wexford Defendants' flawed characterization of the record does not support reconsideration of the Court's summary judgment ruling to the extent the evidence necessary to controvert Wexford's version of events was available at the time.

Plaintiff points to *Goka v. Bobbitt*, 862 F.2d 646 (7th Cir. 1988) and *Johnsen v. Vill. of Rosemont*, 2014 WL 4909080 (N.D. Ill. Sept. 30, 2014) for the uncontroversial proposition that it is unethical to state disputed facts are undisputed at summary judgment. Mot. at 18–19. Neither case justifies revisiting the Court's summary judgment ruling here. The *Goka* court reversed an award of summary judgment based

on the moving party's inaccurate assertion that disputed facts were undisputed, observing that the defendants had taken advantage of the plaintiff's *pro se* status, as evidenced by plaintiff treating defendants' motion for summary judgment as a motion to dismiss and failing to respond to their Rule 56.1 statement of facts. *Goka*, 862 F.2d at 649 n.1, 650. The same goes for *Johnsen*, where the plaintiff failed to respond to the defendants' Rule 56.1 statement of facts, resulting in the facts being deemed admitted. 2014 WL 4909080, at *2. The instant case is different. The Wexford Defendants did not exploit Plaintiff's *pro se* status. As already noted, Plaintiff has repeatedly demonstrated his ability to competently litigate this case, including responding to Defendants' statements of facts within the contours of Local Rule 56.1(b)(2) and (b)(3), [436]; [438]; [451], asking to assert additional facts as needed, [455], and prevailing at summary judgment against the IDOC Defendants. [463]. That Plaintiff was *pro se* is not on its own sufficient to obviate his obligation to diligently raise disputed facts available to him at the time in his Rule 56.1 response. *Thomas v. McCoy*, 2020 WL 247464, at *1 (N.D. Ill. Jan. 16, 2020) (citing *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)); *see Wilcox v. Am. Stores*, 2002 WL 31654938, at *2 (N.D. Ill. Nov. 22, 2002) (courts require *pro se* plaintiffs to respond to Rule 56.1 statements). Plaintiff took his shot to counter the Wexford Defendants' Rule 56.1 statement, and missed, despite having all the additional facts he needed at his disposal. The Court will not give Plaintiff another shot. To the extent Plaintiff may seek alternative avenues for relief regarding the Wexford Defendants' alleged misconduct, he notes several in his brief. Mot. at 13–14.

Plaintiff's argument that the Court made a manifest error in failing to apprise that the Wexford nurses failed to alert the doctors to renew Plaintiff's prescription medications depends upon: (1) the same expert evidence the Court has ruled does not constitute "new evidence" under Rule 54(b), Mot. at 22 (Dr. Montesinos's 2026 supplemental expert report); (2) evidence that was available to Plaintiff at summary judgment, *id.* at 13–18 (Mills, Fisher, Foxon-Olson, and Henze depositions taken by Plaintiff in 2022 and 2023); and (3) deposition testimony taken by his counsel following the Court's summary judgment ruling, *id.* at 21 (2025 Griffin deposition). For the reasons already stated, Plaintiff's proffer of expert evidence and evidence available to Plaintiff at summary judgment do not constitute new evidence under Rule 54(b). The Court will also not consider the Griffin deposition, as Plaintiff made no effort to explain why this testimony was not available to him prior to summary judgment.

**CONCLUSION**

For the stated reasons, Plaintiff's motion for reconsideration [497] is denied.

E N T E R:

Dated: September 29, 2026

MARY M. ROWLAND
United States District Judge